UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENNY WIGGINS,                            No. C 07-1482 MHP (pr)

        Petitioner,                    **ORDER OF DISMISSAL**

    v.

L. BANKS, warden,

        Respondent.
_____ /

## INTRODUCTION

Benny Wiggins, a prisoner currently in custody at the California Men's Colony in San Luis Obispo, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration is respondent's motion to dismiss the petition as untimely and plaintiff's opposition thereto. The court finds that the petition was not timely filed and dismisses it.

## BACKGROUND

Wiggins was convicted in Alameda County Superior Court in 1992 of second degree murder with use of a knife and was sentenced to 15 years to life in prison. His conviction was affirmed by the California Court of Appeal on August 25, 1993. He did not file a petition for review in the California Supreme Court.

Wiggins filed state habeas petitions. His first state habeas petition was filed in the Alameda County Superior Court on January 31, 2006 and was denied on February 1, 2006, as untimely and for failure to make a prima facie case for relief. The court stated that Wiggins "fails to demonstrate good cause of a delay of over ten years in raising the issues presented.

Nor does [Wiggins] explain why the Petition is exempt from the timeliness requirements." Resp. Exh. 3. Wiggins' last state habeas petition was denied by the California Supreme Court on October 25, 2006.

Wiggins filed this action in 2007. The signature on his petition is dated February 27, 2007, but the petition does not have a proof of service. The petition came to the court in an envelope post-marked in San Bernardino on March 11, 2007. The petition was stamped "Filed" on March 14, 2007. (If this was a close case (e.g., the deadline had only been missed by a matter of days), the court would require the parties to develop the record on the filing date; however, Wiggins missed the deadline by many years so it is not necessary for the parties or the court to pin down the exact date of filing. The court will treat the petition as having been filed on March 14, 2007. The court does not apply the prisoner mailbox rule because there is no evidence Wiggins gave the petition to prison officials to mail it to the court and the envelope has a San Bernardino postmark, which indicates that the petition was sent by Wiggins from his prison residence in San Luis Obispo to a third party to mail it to the court for filing. The prisoner mailbox rule only applies when the prisoner has given the document to prison officials to mail to the court. Cf. Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

**DISCUSSION**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

For cases in which the convictions became final before the April 24, 1996 enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the petitioners had a one-year grace period so that their petitions were due by April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

Wiggins receives the benefit of the one-year grace period because his conviction became final in 1993, before the AEDPA was enacted. The presumptive deadline for Wiggins to file his federal petition therefore was April 24, 1997. He missed that deadline by almost ten years, so unless he is entitled to significant tolling, his petition was very untimely.

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). By the time Wiggins' first state petition was filed in 2006, the limitations period had already ended so he receives no statutory tolling for the state habeas petitions. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The limitations period also may be equitably tolled when extraordinary circumstances beyond a petitioner's control have prevented him from timely filing the petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999). Wiggins offers no evidence or argument in favor of equitable tolling in his case. The procedural default argument he makes in his opposition to the motion has no applicability to the statute of limitations question.

The limitations period expired on April 24, 1997. Wiggins' federal petition was not filed until March 2007, and he missed the deadline for filing his federal petition by almost ten years. His petition must be dismissed as time-barred.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 4.) The petition is dismissed because it was not timely filed. The clerk shall close the file.

IT IS SO ORDERED.

DATED: January 2, 2008

Marilyn Hall Patel
United States District Judge